**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **JOSE ANGEL GOMEZ-RODRIGUEZ,** | **Case No. 26–cv–05130–ESK** |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| **TODD BLANCHE,** *et al.*, | |
| Respondents. | |

      **THIS MATTER** is before the Court on petitioner Jose Angel Gomez-Rodriguez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition).  (ECF No. 1.)  Respondents oppose the Petition.  (ECF No. 6.)

      1.    Petitioner is a citizen of Honduras.  (ECF No. 1 ¶ 1.)  He entered the United States on or about August 7, 2007. (ECF No. 6–1 p. 2.) Immigration and Customs Enforcement (ICE) issued a Notice to Appear charging him with being present in the United States without being admitted or paroled.  (ECF No. 6–2.)

      2.    On September 9, 2008, petitioner was ordered removed *in absentia* as he did not attend his removal proceedings.   (ECF No. 6–4.)

      3.    Petitioner was detained by ICE on April 30, 2026 after being arrested pursuant to a Warrant of Removal.   (ECF No. 6 p. 2.)

      4.    This Petition followed on May 7, 2026.  (ECF No. 1.)  Petitioner argues that his detention is unlawful and that he is being denied access to his CPAP machine.   (*Id.* ¶ 31.)

      5.    Respondents filed an answer on May 11, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1231(a)(1) because he has a final order of removal and is within the 90-day mandatory detention period.   (ECF No. 7 pp. 2, 3.)  They further argue that this Court lacks jurisdiction over petitioner's claims regarding his health and medical care and that those claims are moot because ICE has allowed petitioner to have his CPAP machine.  (*Id.* pp. 4, 5.)

6.    Petitioner is subject to a final order of removal, so his detention is governed by 8 U.S.C. §1231.

7.    Section 1231 states in relevant part that after a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')."  8 U.S.C. §1231(a)(1)(A).  This 90-day detention is mandatory.  *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled.  After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

8.    "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement."   8 U.S.C. §1231(a)(1)(B).

9.    Petitioner had 30 days from September 9, 2008 to file an appeal of the removal order with the Board of Immigration Appeals.   Petitioner does not assert that he filed one, so the order became administratively final on October 8, 2008.    8 C.F.R. § 1241.1(c).   The removal period—during which petitioner's detention was mandatory—expired on January 6, 2009.

10.    ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where ... there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)).   The presumptively permissible timeframe for post-removal-period detention is six months.   *Zadvydas*, 533 U.S. at 701.

11.    However, "[a]lthough the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of his detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is

nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

12. "[I]f a detainee provides 'good *reason* to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the government must respond with *evidence* sufficient to rebut that showing." *Munoz-Saucedo*, 789 F. Supp. 3d at 395 (emphasis in original) (quoting *Zadvydas*, 533 U.S. at 701).

13. I conclude that petitioner has not made an initial showing in this matter that his removal is not likely in the reasonably foreseeable future or that his continued detention would violate his due process rights.[1]

14. "The context of the Government's conduct is essential to determine whether it shows the requisite deliberate indifference that 'shocks the conscience' for a substantive due process violation. Just as we afford leeway to prison medical officials in diagnosing and treating a detainee's physical and mental health, deference is due prison administrators here." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 330 (3d Cir. 2020) (internal citation omitted). Petitioner's medical concerns have been addressed, so that argument is moot.

Accordingly,

**IT IS** on this   **18th** day of **May 2026**   **ORDERED** that:

1.    Petitioner's  § 2241  Petition  is  **DENIED   WITHOUT PREJUDICE**.

2.    Any restrictions imposed on petitioner's location by this Court are **LIFTED**.

3.    The Clerk shall **CLOSE** this case.

　*/s/ Edward S. Kiel*　　　　
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

---

[1] I emphasize that my decision is limited to the facts alleged in the Petition and express no opinion as to whether petitioner may be able to make out a prolonged detention claim in the future.